UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
B & S MEDICAL SUPPLY, INC., N.Y.
and BORIS SIMON,

Index No.:

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

WORLD BUSINESS LENDERS, LLC and
LIBERTY BANK, INC.,

Defendants.
-----------------------------------------------------------------X

## VERIFIED COMPLAINT

*(Federal Racketeering Influence & Corrupt Organization Act, 18 U.S.C. § 1961 et seq.)*
(Common Law Usury)

**ZIMMERMAN LAW, P.C.**
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

| | Page |
|---|---|
| PREAMBLE | 1 |
| I. NATURE OF ACTION AND RELIEF SOUGHT | 1 |
| II. JURISDICTION AND VENUE | 2 |
| III. PARTIES | 2 |
| IV. GENERAL ALLEGATIONS | 3 |
| V. CLAIMS FOR RELIEF | 8 |
| AS AND FOR A FIRST CAUSE OF ACTION: UNLAWFUL USURY IN CONTRAVENTION OF NEW YORK LAW | 8 |
| AS AND FOR A SECOND CAUSE OF ACTION: FEDERAL CIVIL RICO | 10 |
| VI. PRAYER | 11 |
| VII. REQUEST FOR JURY | 11 |
| VIII. VERIFICATION | 12 |

## PREAMBLE

**COMES NOW**, Plaintiffs, B & S MEDICAL SUPPLY, INC., N.Y. and BORIS SIMON (hereinafter collectively referred to as "Plaintiffs"), by and through their attorneys, ZIMMERMAN LAW, P.C., hereby sues Defendants, WORLD BUSINESS LENDERS, INC. and LIBERTY BANK, INC. (hereinafter collectively referred to as "Defendants"), and respectfully allege, upon their own knowledge as to themselves and their own actions and upon information and belief as to all other matters, as follows:

## I. NATURE OF ACTION AND RELIEF SOUGHT

1. World Business Lenders, LLC lauds itself as a direct lender of working capital to small businesses across the United States and states on its website that: "We are a direct lender and we stand behind every loan we fund from start to finish."

2. However, despite its advertised forthrightness to consumers, World Business Lenders, LLC is part of a larger interstate enterprise intertwined with Liberty Bank, Inc., wherein consumers are lured into terms and conditions of loan agreements that render the loans usurious, unconscionable, an otherwise unlawful and obnoxious under New York law and public policy.

3. Plaintiffs bring this action seeking treble damages under RICO; the return of Plaintiffs' property and money in Defendants' possession and/or control; the proceeds flowing from the use of Plaintiffs' property; a declaration that the loan at issue to be void under New York law; injunctive orders as may be required to safeguard Plaintiffs' property and/or recovering of property during the pendency of this action; and, in accordance with applicable law, Plaintiffs pray that the Court determine and award costs and reasonable expenses of litigation, including reasonable attorney's fees as an incident of Plaintiffs' costs.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (hereinafter referred to as "RICO").

5. The jurisdiction of this Court is invoked in accordance with the provisions of 28 U.S.C. §§ 1331 and 1367.

6. Venue is prescribed by the General Venue Statute, 28 U.S.C § 1391, and it properly lies in the United States District Court for the Southern District of New York, where the events giving rise to the claims herein substantially occurred.

## III. PARTIES

7. Plaintiff, B & S MEDICAL SUPPLE, INC., N.Y. (hereinafter "B&S"), is a New York limited liability company licensed with the New York Secretary of State and maintains a principal place of business located at 316 Avenue X, Brooklyn, New York 11223.

8. Plaintiff, BORIS SIMON (hereinafter "Simon"), is an adult male and citizen of the United States residing in Brooklyn, New York. At all relevant times to this action, Simon was the sole shareholder and President of B&S.

9. Defendant, WORLD BUSINESS LENDERS, LLC (hereinafter "WBL"), is a New York for-profit limited liability company licensed with the New York Secretary of State and maintains a principal place of business located at 101 Hudson Street, 33rd Floor, Jersey City, New Jersey 07302.

10. Defendant, LIBERTY BANK, INC. (hereinafter "Liberty"), is a Utah for-profit limited liability company licensed with the Utah Secretary of State and maintains a principal place of business located at 326 South 500 East, Salt Lake City, Utah 84102.

## IV.  GENERAL ALLEGATIONS

### *The WBL Enterprise*

11. At all relevant times to this action, Defendants are/were affiliated companies that have engaged in a pattern of practice wherein either: (a) WBL owns Liberty outright and uses the Utah bank as a front to launder loans to escape New York usury laws; or (b) WBL solicits consumers to engage in usurious loans, then arranges with Liberty to lend to consumers business loans with interest rates that are illegal in New York but legal in Utah, wherein the loans are immediately assigned from Liberty to WBL, thereby funneling funds between New York and Utah to escape New York law.

12. Under either scenario, WBL and Liberty constituted an "enterprise" as that term is defined under 18 U.S.C. § 1961(4) (hereinafter the "WBL Enterprise"), wherein WBL solicits New York consumers and borrowers to engage in usurious loan agreements and, through the interstate transfer of funds, attempts to bypass New York usury statutes, thereby committing fraud upon the State of New York and its consumers.

13. At all relevant times to this action, consumers in New York have been solicited to apply for loans via a WBL call center, wherein unsolicited phone calls are made by live representatives of WBL, as well as automated dialing equipment, to contact consumers regarding obtaining business loans from WBL. WBL also maintains a website at www.wbl.com where consumers can also apply for business loans.

3

14. WBL states on every page of its website the following: "In certain states, [WBL] makes capital available through business loans made by [Liberty], a Utah state-chartered bank, Member FDIC." WBL does not disclose on its website which "certain states" fall under its criteria wherein loans would be made available through Liberty.

*Plaintiffs Enter into an Illegal and Usurious Contract with the WBL Enterprise*

15. At all relevant times relevant to this action, Plaintiff Simon was/is a resident of Brooklyn, New York.

16. At all relevant times to this action, Plaintiff B&S was/is a business operated for the purpose of selling medical supplies located in Brooklyn, New York.

17. At all relevant times to this action, Simon was/is the sole shareholder and president of B&S.

18. In or around December 2016, Simon discussed the possibility of obtaining a loan for B&S with a friend Simon asked this friend whether he knew of any lenders or could otherwise assist in finding a lender.

19. Thereafter, in or around December 2016, Simon, while in New York, received an unsolicited telephone call from a live but unknown representative of WBL.

20. During this telephone call, Simon and the WBL representative discussed entering into a small business loan with WBL.

21. Upon information and belief, the WBL representative was also located in New York during this solicitation.

22. Thereafter, on December 29, 2016, Simon, as the owner of B&S, electronically executed a "Business Loan Application" on behalf of B&S for the amount of USD 28,000.00. Simon completed all aspects of the application and disclosed to the Defendants that his and B&S's

4

physical address were in New York during the application process. Attached hereto as **Exhibit "A"** is a copy of the Business Loan Application dated December 29, 2016.

23. Notably, the business loan application contained both the business logo and contact information of WBL and Liberty.

24. Immediately thereafter, on December 29, 2016, Plaintiffs received a "Conditional Closing Agreement" that stated the business loan application had been approved for the amount of USD 28,000.00. Attached hereto as **Exhibit "B"** is the undated Condition Closing Agreement.

25. Also on December 29, 2016, Simon, as the representative of B&S, electronically executed a "Business Loan Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits)". This authorization allowed the "Lender" to distribute the proceeds of the loan directly into Plaintiffs' bank: a branch of Citi Bank located at 1501 Kings Highway, Brooklyn, New York 11229. Attached hereto as **Exhibit "C"** is the Business Loan Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debits) dated December 29, 2016.

26. Also on December 29, 2016, Simon electronically executed, on behalf of B&S, a "Business Loan Summary" wherein Liberty was specified to be the lender of the USD 28,000.00 loan. Attached hereto as **Exhibit "D"** is the Business Loan Summary, dated December 29, 2016.

27. The "Business Loan Summary" also set forth a payment schedule commencing on December 30, 2016 and continuing through December 29, 2017, wherein two hundred fifty-one (251) payments of USD 192.34 would be due beginning with the start of the payment schedule. *See* **Exhibit "D"**.

28. The "Business Loan Summary" also set forth the loan principal of USD 28,000.00 and the interest charge of USD 20,468.25, for a total repayment amount of USD 48,468.25. *See* **Exhibit "D"**.

29. The "Business Promissory Note and Security Agreement", also dated December 29, 2016, stated that any prepayment on the principal of the loan must be submitted in writing to a WBL email address, WBLPayoff@wbl.com. Attached hereto as **Exhibit "E"** is the Business Promissory Note and Security Agreement, dated December 29, 2016.

30. The "Business Promissory Note and Security Agreement" also specified that unpaid principal on the loan "shall bear interest at the rate of .331506849315% per day until paid in full."

31. Annually, the loan made by the WBL Enterprise subjected Plaintiffs to an annual interest rate of approximately seventy-three percent (73%). *See* **Exhibit "E"**.

32. Further, as collateral for the loan, Simon was required to place his home in Brooklyn as security. This collateral was secured in the form of a deed in trust. This collateral was recorded with the Office of the City Register of the City of New York and listed Liberty Bank, its successors and/or assigns, as the secured party on the property. Attached hereto as **Exhibit "F"** is a filing recorded with the Office of the City Register of the City of New York, dated December 23, 2016.

33. Thereafter, on or about January 1, 2017, Plaintiffs received a wire transfer for the loan for the beginning principal, minus fees and adjustments, for USD 21,981.11.

34. The wire transfer was received in Plaintiffs' bank account and was sent from Liberty Bank at its Utah location.

35. On or about December 29, 2016, Plaintiffs received correspondence from WBL stating that, as of the date of the funding of the loan, WBL would service the loan and have the right to collect

6

payments on behalf of Liberty. Attached hereto as **Exhibit "G"** is a copy of this undated correspondence.

36. On a date unspecified between December 29, 2016 and January 4, 201"8", WBL sent Plaintiffs correspondence notifying that, as of the date of the funding of the Loan (January 4, 2018), WBL was assigned ownership of the loan and would thereafter service the loan and have the right to collect on the principal and interest payments. Attached hereto as **Exhibit "H"** is a copy of this undated correspondence.

37. Upon information and belief, the date of "January 4, 2018" was a scriveners' error, and should have read "January 4, 2017".

38. On April 11, 2017, Plaintiffs received correspondence from WBL that notified that WBL, had declared an "Event Default" as defined under the "Business Promissory Note and Security Agreement" as of April 12, 2017, and that the entire unpaid balance of the loan, together with interest, was due in the amount of USD 41,748.44 to be made payable by check or wire transfer to WBL's account with IDB Bank. Attached hereto as **Exhibit "I"** is a copy of this undated correspondence, dated April 11, 2017.

39. Upon information and belief, IDB Bank, or Israel Discount Bank, is a foreign corporation licensed to do business in New York and is located within that state.

40. The April 11, 2017 correspondence, WBL also referred to itself as the "Lender" under the "Business Promissory Note and Security Agreement" and further described itself as a "New York entity." *See* **Exhibit "I"**.

41. This correspondence was received both as e-mail and regular mail through the United States Postal Service.

7

## V. CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION

*Unlawful Usury in Contravention of New York Law*

42. Plaintiffs restate, re-allege, and incorporate herein by reference, paragraphs one (1) through thirty-eight (38) as if set forth fully herein.

43. The maximum interest rate chargeable to consumers under New York law is sixteen percent (16%). N.Y. Gen. Oblig. Law § 5-501. Charging consumers a rate of interest greater that twenty-five (25%) is a criminal act under New York law. N.Y. Penal Law § 190.40.

44. Defendants charged Plaintiffs an interest rate in excess of the maximum rates allowed under New York law. Defendants' conduct was knowing, deliberate, intentional, and willful.

45. N.Y. Gen. Oblig. Law § 5-511 provides that, "whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled."

46. N.Y. Gen. Oblig. Law § 5-513 provides that, "[e]very person who, for any such loan or forbearance, shall pay or deliver any greater sum or value than is allowed to be received pursuant to section 5-501, and his personal representatives, may recover in an action against the person who shall have taken or received the same, and his personal representatives, the amount of the money so paid or value delivered, above the rate aforesaid."

47. N.Y. Penal Law § 190.40 provides that, "[a] person is guilty of criminal usury in the second degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money

8

or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

48. The Defendants, in entering into the loan with the Plaintiffs through the WBL Enterprise, has engaged in conduct in contravention of New York State law as the interest rate of said loan of seventy-three percent (73%) is usurious.

49. Accordingly, Plaintiff are entitled to a declaration that the loan entered into with the WBL Enterprise is unlawful and usurious, and restitution of all amounts paid to Defendants in excess of the principal amount, plus costs of bringing this action.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Federal Civil RICO*

50. Plaintiffs restate, re-allege, and incorporate herein by reference, paragraphs one (1) through forty-six (46) as if set forth fully herein.

51. Plaintiffs are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c).

52. Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3).

53. The WBL Enterprise, consisting of each named Defendant, is an "enterprise" as that term is defined by 18 U.S.C. § 1961(4).

54. 18 U.S.C. § 1962(c) provides that, "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

55. 18 U.S.C. § 1962(d) further prohibits a conspiracy to use an enterprise for the collection of unlawful debt.

9

56. The WBL Enterprise is an enterprise engaged in interstate commerce including, without limitation, the making, servicing, and collecting of loans throughout the United States, including New York.

57. The loan made to Plaintiffs by the WBL Enterprise constitutes "unlawful debt" as that term is defined by 18 U.S.C. § 1961(6) as (i) the debt resulting from the loan is unenforceable in whole or in part as to interest under New York law relating to usury and (ii) the debt was incurred in connection with the business of lending money at a usurious rate of interest that is more than twice the enforceable rate under New York law.

58. Defendants violated 18 U.S.C. § 1962(c) by participating, directly or indirectly, in the conduct of the WBL Enterprise's affairs in the collection of unlawful debt, and such participation constitutes a pattern of practice of the Defendants.

59. Defendants also violated 18 U.S.C. § 1962(d) by conspiring to use the WBL Enterprise to collect unlawful debt. Each Defendant knowingly agreed to participate in the events alleged herein that allowed the WBL Enterprise to make and collect unlawful debt at more than twice the lawful rate of interest under the New York State usury laws.

60. Plaintiffs have sustained injury to their property directly cause by the Defendants' violations of 18 U.S.C. § 1962 in the form of, among other things, the payment of unlawful and usurious rates on interest on the loan made by the WBL Enterprise. Under 18 U.S.C. § 1964(c), Plaintiff are entitled to threefold damages, along with costs and attorneys' fees.

## VI. PRAYER

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for an entry of Judgment finding an awarding the following:

It is respectfully requested that the Court grant the Plaintiffs such other and further relief which they are entitled, including but not limited to:

a. Finding that the loan made by WBL, Liberty, and the WBL Enterprise is void and unenforceable;

b. Ordering the Defendants to pay the Plaintiffs all amounts collected on the loan;

c. Awarding the Plaintiffs actual and threefold damages;

d. Awarding reasonable attorney's fees and the costs and disbursements of this action; and

e. Granting such other and further relief that the Court deems just and proper.

## VI. REQUEST FOR JURY

In the exercise of their rights under the Seventh Amendment of the United States Constitution, the applicable statutes and rules of the Court, Plaintiff's respectfully request that a jury decide all issues of fact in the above-cited claims for relief.

Dated: April 19, 2017
Huntington Station, New York

Respectfully submitted,

Zimmerman Law, P.C.
*Attorneys for Plainitffs*
*B&S Medical Supply, Inc., N.Y. and*
*Boris Simon*

By: _____
Michael A. Zimmerman (MZ2076)
315 Walt Whitman Road, Suite 215
Huntington Station, New York 11746
(631) 415-0900

## VERIFICATION

I, Boris Simon, as to myself and as a representative of B & S Medical Supply, Inc., N.Y., hereby verify and affirm that the foregoing facts and claims are true and correct, done under the penalties of perjury.

*Boris Simon*
BORIS SIMON

Sworn to before me on this

1 day of MAY, 2017.

*[signature]*
Notary Public

JANAI NICOLLE JACKSON
Notary Public, State of New York
No. 02JA6345687
Qualified in Queens County
Commission Expires August 01, 20__

14

Scanned by CamScanner